IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SANDRA GRIFFIN, Individually And On Behalf Of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>VS.<br><br>TYLER TRADITIONS, INC.<br><br>Defendant. | CASE NO. _____<br>JURY |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND JURY TRIAL DEMAND**

Plaintiff SANDRA GRIFFIN, individually and on behalf of all other persons similarly situated, files this Plaintiff's Original Class Action Complaint and Jury Trial Demand complaining of Defendant TYLER TRADITIONS, INC. This action is filed for violations of the Fair and Accurate Credit Transactions Act of 2003 (FACTA), 15 U.S.C. § 1681c (g)(1). Plaintiff alleges as follows.

**PARTIES**

1. Plaintiff SANDRA GRIFFIN is a Texas citizen and resident of Van Zandt County, Texas.

2. Defendant TYLER TRADITIONS, INC. is a Texas corporation doing business in the State of Texas with its principal place of business located at 6205 South Broadway,

Original Class Action Complaint - Page 1

Tyler, Texas 75703 and whose registered agent for service of process is Kandice R. Owens, 6205 South Broadway, Tyler, Texas 75703.

## JURISDITION AND VENUE

3. This Court has federal question jurisdiction over this case under 15 U.S.C. §1681p and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this District; and (ii) Defendant committed the acts that are the subject of this action in this District.

## FACTUAL ALLEGATIONS

5. In 2003 Congress enacted the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. One section of FACTA provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c (g)(1).

6. FACTA generally gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. 15 U.S.C. § 1681c (g)(3).

7. Defendant regularly accepts credit and debit card charges as payment in its business. Defendant regularly provides receipts of credit and debit card transactions to the cardholder at the point of sale or transaction.

8. On and after December 4, 2006, Defendant regularly printed a receipt for its credit and debit card transactions that Defendant provided to the cardholder at the point of sale or transaction that included **the expiration date**.

9. On or about January 12, 2008, Plaintiff made a purchase at Defendants' place of business using a **debit card**. Defendant printed **the expiration date** on the receipt provided to the Plaintiff at the point of the sale or transaction.

## CLASS ACTION ALLEGATIONS

10. Pursuant to FED. R. CIV. P. 23, Plaintiff brings this suit individually and as representative of a class of similarly situated persons. The court should enter an order to certify a plaintiff class consisting of:

> All individuals who used their credit or debit card within the United States in any sale or transaction occurring after December 4, 2006, with TYLER TRADITIONS, INC. Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

The proposed plaintiff class meets the prerequisites of a class.

11. The class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendant, but upon information and belief avers that there are hundreds of class members. The number of the members of the class makes it impracticable to bring them all before the court.

12. There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual members of the class. The questions of fact and law affecting the class as a whole, include, but are not limited to:

- whether the Defendants' practice of printing credit and debit card receipts violates 15 U.S.C. § 1681c (g)(1);
- whether Defendant's violation was willful;
- whether Defendant should be held liable for punitive damages;
- whether Defendant is liable for attorney's fees; and
- whether the court should enjoin Defendant from further violating 15 U.S.C. § 1681c (g)(1).

13. Plaintiff's claims are typical of the claims of the class. The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories. It is the same course of conduct that serves as the gravamen of the claims against Defendant. The members of the class have suffered the same type of injury and possess the same interests as Plaintiff. The single resolution of these claims would be preferable to a multiplicity of similar actions.

14. Plaintiff, as the representative party, will fairly and adequately protect the interests of the class. The counsel representing Plaintiff and the class are qualified, experienced and able.

15. This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16. *Predominance.* The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The underlying facts are largely undisputed and liability will be determined as a matter of law. The few facts that are disputed will be resolved without the participation of individual class members. Plaintiff's claims do not present individual questions of causation or reliance. The facts of Defendant's practice are common to all members. The *only* issue not common to the

class is the number of transactions by each class member. However, that issue will be easily resolved from Defendant's records.

17. *Superiority.* A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given the large size of the class, individual adjudication of the claims would require thousands of lawsuits. Moreover, intervention and joinder would require the intervention or joinder of thousands of parties. Individual adjudication, intervention, and joinder, therefore, are not reasonable options. Class treatment is superior to all other methods of adjudicating the claims of the putative class.

18. *Individual control.* The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment. Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars. Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim. In fact, individual adjudication of these claims remains wholly impractical. The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claim than the amount of each individual claim. The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

19. *Other factors.* Plaintiff is not aware of any other cases pending by or against members of the class raising the claims asserted herein. This Court is the desirable forum for this controversy because the Defendant transacts business in this District. No significant difficulties are likely to be encountered in the management of a class action. Plaintiff will be able to identify class members through discovery of Defendant's extensive

computer database storing information regarding past and present customers. Thus, no difficulties exist regarding the identification of class members.

20. Injunctive Relief. This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant acted on grounds generally applicable to the members of the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

## COUNT 1

### (Claim under Fair Credit Reporting Act)

21. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

22. The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681a *et seq.* Effective December 4, 2006, FACTA prohibits merchants from printing more than the last five digits of a credit or debit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c (g)(1).

23. A willful violation of 15 U.S.C. § 1681c (g)(1) gives rise to a private cause of action under the FCRA as follows:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--

  **(1)(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or ...;

  **(2)** such amount of punitive damages as the court may allow; and

  **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n (a).

24. Defendant knew of, or should have known of, and was informed about the requirement of 15 U.S.C. § 1681c (g)(1), including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and possibly other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same. In addition, again on information and belief, Defendant's contract with Visa and other credit card companies require compliance with this FACTA requirement.

25. Defendant willfully printed **the expiration date** of Plaintiff's card at the point of the sale or transaction with Plaintiff in violation of 15 U.S.C. § 1681c (g)(1).

26. From December 4, 2006 to the present, Defendant willfully printed **the expiration date** of the Class Members' cards at the point of the sale or transaction in violation of 15 U.S.C. § 1681c (g)(1).

27. Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant statutory damages of not less than $100 and not more than $1,000 for each violation of FACTA.

28. Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant the amount of punitive damages as the court may allow.

29. Plaintiff has been required to engage the services of the undersigned attorneys to prosecute this action. Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant reasonable attorney's fees as determined by the court.

30. Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant the costs of this action.

31. Since December 4, 2006, Defendant has willfully failed to comply with the requirements of 15 U.S.C. § 1681c (g)(1) that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Therefore, Plaintiff requests that the Court issue a permanent injunction enjoining and restraining Defendant from further violating 15 U.S.C. § 1681c (g)(1) and ordering Defendant to cease and desist from printing more than the last 5 digits of a credit or debit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

## JURY DEMAND

32. Plaintiffs request a trial by jury against Defendant on all issues triable as a matter of right.

WHEREFORE, Plaintiff SANDRA GRIFFIN, individually and on behalf of all other persons similarly situated, requests that Defendant be cited to appear and answer in this action,

and that upon final trial of this cause, the Court issue judgment that Plaintiff and the Plaintiff Class have and recover over and against Defendant TYLER TRADITIONS, INC. a judgment for the statutory penalties made the basis of this lawsuit, punitive damages, pre-judgment interest, post judgment interest, reasonable and necessary attorney's fees, and costs of court, plus an injunction against further violations of 15 U.S.C. § 1681c (g)(1). Plaintiff SANDRA GRIFFIN, individually and on behalf of all other persons similarly situated, also requests all other relief to which the Plaintiff and the Plaintiff Class are justly entitled.

Respectfully submitted,

*/s/ Jeffrey L. Weinstein*
JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
State Bar No. 21096450
518 East Tyler Street
Athens, TX  75751
903/677-5333
903/677-3657 – facsimile
Jeff@LonghornLawyer.com

**ATTORNEYS FOR PLAINTIFFS**